### BARTLETT *v.* NEW YORK & S. B. F. & S. TRANSP. CO.

*(Superior Court of New York City, General Term.   January 6, 1890.)*

1. CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.
    In an action against a ferry company for personal injuries sustained in consequence of defendant's boat, in entering her slip, striking so hard as to rebound, and throw plaintiff down a stairway, the fact that plaintiff was standing near the head of the stairway, or descending it, does not constitute contributory negligence; plaintiff having no reason to think that she would lose her footing if the boat were about to touch in the ordinary manner.

2. SAME—INSTRUCTIONS.
    An instruction that, if the jury are satisfied that it was not safe for plaintiff, in view of her impaired sight, or other physical weakness, to stand at the top of, or descend, the stairs, while the boat was entering the slip, they must find that she took the risk of any accident that resulted from being there, is improper, since plaintiff was bound to use only ordinary means to secure the safety that would exist under ordinary circumstances.

3. SAME—EVIDENCE.
    The fact that plaintiff descended the stairway, without taking hold of the railing, at the time the boat was entering the slip, does not constitute contributory negligence; it not appearing that such omission would be dangerous under ordinary circumstances.

4. SAME—INSTRUCTIONS.
    In such action the court properly charged that, if plaintiff was three feet from the head of the stairway, she was not negligent, there being nothing to show that she would have been injured if the boat had struck in the ordinary way.

5. SAME—NECESSARY PRECAUTIONS.
    The court properly refused to charge that, if the jury found that the pilot brought the boat into the slip at no higher speed than he believed to be necessary, plaintiff could not recover, since the pilot may have acted as he believed to be necessary without being properly careful in forming such belief.

**6. SAME—SKILL OF SERVANTS.**

Nor was an instruction proper which charged that, if the pilot and engineer were officers of skill, knowledge, and experience, and they were using their best skill and judgment in handling the boat, plaintiff could not recover, since such officers may have had less skill, etc., than defendant was bound to provide.

**7. SAME—FAILURE TO PAY FARE.**

The failure of plaintiff to pay her fare did not, of itself, relieve defendant of its duties to her as a passenger, since she may have intended to pay, and may have had no proper demand made upon her.

Appeal from jury term.

Action by Elizabeth C. Bartlett against the New York & South Brooklyn Ferry & Steam Transportation Company, for personal injuries sustained by reason of defendant's negligence. Defendant appeals from a judgment entered on a verdict for plaintiff, and from an order denying its motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, and INGRAHAM, JJ.

*Burrill, Zabriskie & Burrill,* (*John E. Burrill* and *J Archibald Murray,* of counsel,) for appellant. *Thomas E. Rochfort* and *Edward B. Whitney,* for respondent.

SEDGWICK, C. J. The action was for damages from the negligence of defendant's servants in managing a steam-boat. The boat ran a ferry belonging to defendants. The boat entered the slip on the New York side of the East river, and struck against the bridge so that the boat rebounded from the bridge eight or ten feet, as the jury might have found. At this time the plaintiff was upon the upper deck, two or three feet from the head of a stairway leading to the lower deck. The rebound of the boat threw her from her footing down to the bottom of the stairs. The testimony of the defendant's witnesses contradicted the testimony of the plaintiff. The jury gave a verdict in her favor.

The learned counsel presents as an error which requires the reversal of the judgment that the judge refused to charge that, if the jury find that the plaintiff was standing at the top of the stairs on the ferry-boat, or was descending the same, at the time when the boat touched the wharf, then the defendant is not liable. If the request were valid, it would be so on the ground that the position of the plaintiff referred to in the request would indicate the contributory negligence of plaintiff. There would be no such indication, however, if the plaintiff, in taking the position, had no reason to think that if the boat were about to touch the bridge in the ordinary way, and not in the way exhibited in the case, she would lose her footing. There was no proof in the case, nor is there any legal presumption, nor is it a matter of judicial cognizance, that an ordinary bump of the boat against the bridge would so far disturb the plaintiff's footing that the plaintiff was bound, in ordinary prudence, to foresee that either of the positions was dangerous.

The court also refused to properly charge the matter of the request that if the jury are satisfied that it was not safe for the plaintiff, in view of her impaired sight, or other physical weakness, to stand at the top of the stairs on the ferry-boat, or to descend the same, while the boat was entering the slip, then they must find that she took the risk of any accident that resulted from being there. The existence of the impairment of plaintiff's sight did not contribute to the accident, unless she was bound, perhaps, to think that her sight, if not impaired, would inform her that the boat was on a dangerous course, likely to end in bodily injury to her. But she was not bound to foresee the likelihood of an unskillful management of the boat, or, if by chance she did foresee that, to further foresee the actually dangerous result of that unskillful management. Nor is the request correct in supposing that the plaintiff could not recover if it was not safe for her to do the thing specified. She was not bound to be safe, in fact, but to use ordinary means to secure the

safety that would exist under ordinary circumstances, excepting so far as she was bound to perceive that in fact the circumstances were extraordinary.

I am of the opinion that the request was properly refused which embodied the proposition that if the plaintiff descended the stairs, without taking hold of the stair railing, at the time when the boat touched the dock, then the defendant is not liable. It is to be said of this that it did not appear, as matter of law, that it would be dangerous, under ordinary circumstances, not to have the hand on the railing before a shock that might be anticipated should occur. If it were of ordinary character, a jury might find that a prompt taking hold of the railings might make one safe. On the other side, if the shock had unusually quick and extreme results, the jury would be at liberty to find that such results could not be guarded against by a taking hold of the rail, simply. If it were not matter of law that the plaintiff was negligent in not taking hold of the rail, then the court was right in refusing to charge, as matter of law, that the defendant was not liable if the fact that the plaintiff did not take hold of the rail contributed to plaintiff's injury.

The court charged that if the plaintiff were three feet from the gangway, as she said she was, then she was not negligent. In my opinion, this charge was correct. Negligence is omission; and to establish it there must be proof that the circumstances exhibited called for prudence which was not used. Nothing in the case showed that if the boat had struck the bridge in the ordinary way the plaintiff was in danger of being injured because she was three feet from the stairs; much less, in danger of being thrown down-stairs. The court then further charged that the jury must determine whether it was or not negligence for the plaintiff to go down-stairs, under the circumstances of the case. I have already expressed the opinion that, whether or not the plaintiff was bound to apprehend that there was to be an ordinary or extraordinary shock, it was not matter of law that she should not use the stairs, or, if she did use them, should have had her hand upon the rail. To make it matter of law, it should have appeared, at least, incontrovertibly, that there was reason to foresee that a person descending the stairs would be thrown from her balance, in a dangerous direction; for the jury might find that there was one direction that was not dangerous,—for instance, towards the railing itself, or the casing opposite to the rail.

The court was right in refusing the request to charge that, if the jury find that the pilot brought the boat into the slip at no higher speed than he believed to be necessary, the plaintiff should not recover. At least, the proposition was incorrect in being placed upon the fact of belief, inspection of that belief having been the result of an exercise of ordinary diligence in observing the condition of things, and of ordinary judgment as to that condition. He may have acted as he believed to be necessary, without being properly careful in forming that belief. For a reason of the same kind the court rightly refused to charge that if the jury find that the pilot and engineer were officers of skill, knowledge, and experience, and that they were using their best skill and judgment in the handling of the ferry-boat, and that even the exercise of such skill and judgment would not certainly insure the landing of the boat without incurring the result of such a shock or jar as is disclosed by the evidence, then the fact that such a shock or jar did occur does not entitle plaintiff to recover. It may, perhaps, be the law that the shock or jar by itself would not have justified a recovery. The matter, however, was stated as the consequence of the earlier part of the request being correct. This involved the use of such experience, skill, and knowledge as the pilot and engineer had, which may have been less than such experience, skill, and knowledge as the defendant was bound to provide; that is, an amount of experience and skill ordinarily fit to meet the exigencies of such occasion, and that might have been anticipated. As there was evidence that the rebound from the bridge was unusual, there was needed an explanation from the defendant to meet the presumption of negligence thus created; and the complaint could not have

been dismissed on the ground that there was an absence of testimony that tended to show defendant's negligence. The testimony did not show incontrovertibly a sufficient explanation of the negligence presumed.

In my opinion, the court was not called upon to charge the jury that, if they should find that if the plaintiff's sight was impaired, or that she was suffering from weakness, or any other physical disability, then it was her duty to exercise a higher degree of care for her own safety, in order to compensate for such impaired sight or other physical disability, and if she did not use that higher degree of care the plaintiff was not entitled to recover. The plaintiff was bound to use that average degree of care suggested by the circumstances; and perhaps she was bound to consider her physical infirmities as circumstances, and to act in view of them and the other facts. But it was not a matter of law that her consideration of them should have led her to believe that her not using the higher degree of care intended by the request would likely contribute to the accident that occurred.

The defendant's counsel asked a charge that, if the jury find that plaintiff did not pay her fare for her return trip on defendant's ferry-boat from Brooklyn to New York, then the defendant is not liable. The case was such that the jury might have found that the plaintiff did not pay her fare. Yet the not paying the fare, under the facts, was not conclusive that the defendant was not bound to use, as respects the plaintiff's rights, the care due to a passenger. The jury might have found that the plaintiff went upon the boat meaning to pay her fare, and to be a passenger, as of law, and according to the implied request of the defendant, was her legal right. Until the relation then formed was legally ended, the defendant was bound, as respected her, to use the care due to a passenger At least, so long as she intended to pay her fare at any point in the trip, the relation was not ended by her conduct. That she intended to evade her obligation was not made a question for the jury. It is not necessary to decide that the defendant might have ended the relation by demanding that she pay the fare or leave the boat. If there were a demand, as the pilot testified, that she pay the fare she omitted at that time to pay, it was not conclusively shown that the demand and omission were accompanied by the declaration, or its equivalent, that she must go from the boat. She acceded to the rightfulness of the demand, and excused her not paying forthwith by asserting that she had lost a small coin. The pilot of the defendant testified: "I said, 'I have got to collect the fare;' and she said, 'I can't find ten cents, and I will go down-stairs.'" Whether this, under the circumstances, which it is not necessary here to give, was a peremptory assertion that she must leave the boat, or gave her a further opportunity to pay her fare, was a question for the jury. If such an opportunity were given, then she remained possessed of the rights of a passenger until there should be a new demand of fare, another refusal, and action thereon by the defendant. This case did not show any new demand. I therefore think the ruling in this respect was valid. The other request on the same subject was properly refused. It was that if the jury find that the plaintiff left the ferry-boat when her fare for her return trip was demanded, and that subsequently she returned to said ferry-boat without paying her fare, then defendant is not liable. If she returned prepared and meaning to pay her fare, she was entitled to the protection due to a passenger, although she did not thereafter pay, if there were no demand of it. There was no proof in the case that a rule of the company that bound the plaintiff required a payment of fare before the boat should leave the slip. The facts adverted to in the request might have made testimony relevant to the question of whether the plaintiff meant to defraud the defendant. That subject was not presented upon the trial.

The exceptions that relate to ruling upon matter of evidence have been specifically considered. None of them call for a reversal of the judgment. The judgment and order appealed from should be affirmed, with costs.